UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

**Leonid Burlaka**
**David Starry**

**On behalf of Themselves and**
**all others similarly situated**

    **Plaintiffs**

    v.                                                                  Case No. 17-CV-1126
**Contract Transport Services, LLC**

    **Defendant.**

# COMPLAINT

Plaintiffs, by their attorneys, for their Complaint against Defendant state as follows:

1. This is an individual and collective action under the Fair Labor Standards Act against Contract Transport Services, LLC ("Contract Transport"), to seek redress for Contract Transport's failure to pay overtime premium pay to its spotters when they work over 40 hours per week.

## JURISDICTION AND VENUE

2. This court has subject matter jurisdiction under 29 USC §216(b) and 28 U.S.C. §1331 because Plaintiff alleges violations of the FLSA, 29 U.S.C. §201 et seq.

3. This Court has personal jurisdiction over the Defendant because the Defendant is based in, and performs a substantial amount of work in this district, and the Plaintiffs' claims arise from the Defendant's performance of work in, and therefore contacts with this district.

4. Venue is proper in this district pursuant to 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to the claims described herein occurred in this district.

## THE PARTIES

5. Both named and opt-in Plaintiffs are adult residents of the State of Wisconsin who are/were employed by Contract Transport's Green Bay, Wisconsin location as spotters. Each of the current named and opt-in plaintiffs are specifically assigned to work for Contract Transport at its Green Bay Packaging Account located at Green Bay or De Pere, Wisconsin. A copy of the FLSA consents signed by each of the named and opt-in plaintiffs is attached to this Complaint.

6. Defendant Contract Transport is a domestic limited liability company based in Green Bay, Wisconsin. Contract Transport frequently performs transport and delivery services within the Green Bay, Wisconsin area.

## FACTS

7. As spotters employed by Contract Transport, the Plaintiffs do not drive at all on roadways open to the public, except for occasions when they deliver trailers between the manufacturing facility and the storage facility.

8. Trailers delivered by the Plaintiffs from the storage facility to the manufacturing facility are used exclusively for the transport of goods between the storage facility and the manufacturing facility.

9. Once the trailers are delivered to the manufacturing facility, they are stored at the manufacturing facility; and are used on an interchangeable basis by the manufacturing facility, so that at the time a trailer is transported from the storage facility to the manufacturing facility it would not be earmarked for a specific load.

10. Additionally, the trailers must be loaded with manufactured goods, i.e. processed, before they are returned to the storage facility.

11. When the Plaintiffs deliver loaded trailers from the manufacturing facility to the storage facility, the materials are unloaded from the trailers, and may be stored at the storage facility for up to one year before they are transported.

12. Good transported by the Plaintiffs from the manufacturing facility to the storage facility are only transported to other points within Wisconsin; and are never transported outside the State of Wisconsin.

13. In their capacity as spotters the Plaintiffs do not work as drivers' helpers, loaders or mechanics for Contract Transport.

14. At all times relevant to the complaint, the Plaintiffs received straight time pay, but without any overtime premium pay, no matter how many hours they worked during the workweek.

15. The Plaintiffs regularly worked 40 or more hours during individual workweeks for Contract Transport.

16. The Plaintiffs are guaranteed to received a PFP bonus in a specific predetermined amount if they meet certain performance criteria.

17. Contract Transport, because it does not pay any premium pay to the Plaintiffs, also does not include the PFP bonus when computing the Plaintiffs' regular rate used to compute their overtime pay.

## COLLECTIVE ACTION ALLEGATIONS

3

18. Named Plaintiffs bring their First Claim for Relief, pursuant to the Fair Labor Standards Act, on their own behalf and on behalf of all other similarly situated Plaintiffs who were not paid the correct amount of overtime pay because of Contract Transport's failure to pay overtime pay to the Plaintiffs, even though they do not have any involvement on public highways in interstate commerce as drivers; and even though they do not work as drivers' helpers, loaders, or mechanics.

19. The First Claim for Relief for violations of the FLSA may be brought and maintained as an "opt-in" collective action pursuant to Section 16(b) of FLSA, 29 U.S.C. §216(b), for prospective members of the FLSA Class that are similarly situated to the Named Plaintiffs and have claims that are similar to their first claim for relief.

20. The claims of the Named Plaintiffs are representative of the claims of members of the FLSA Class in that all members of the class were hourly paid employees of Contract Transport; and were deprived of overtime pay as a result of Contract Transport's uniform policy of treating all of its employees as exempt from overtime pay, because some of its drivers perform interstate driving assignments.

**Count I.       Overtime Pay Claim Under the Fair Labor Standards Act.**

21. Plaintiffs re-allege, and incorporate by reference, the allegations contained in paragraphs 1- 20 of the Complaint.

22. Because the Plaintiffs are not covered by the motor carrier exemption, and Contract Transport does not have any other justification for its refusal to pay overtime premium pay to the Plaintiffs, the Plaintiffs are entitled to overtime premium pay for each and every hour that they work over 40 hours per week.

23. Because the PFP bonus is a guaranteed bonus that the Plaintiffs earn through the quality of their work performance, and because the amount of the bonus is set rather than discretionary, the PFP bonus must be included when computing the Plaintiffs' regular rate for overtime pay.

24. Contract Transport therefore violated the overtime provisions of the FLSA when it failed to pay the Plaintiffs overtime pay, computed including the PFP bonus, for each and every one of their hours worked over 40 hours per week.

25. Since Contract Transport did not have any, let alone reasonable grounds for believing that either that its spotters are exempt under the motor carrier exemption, nor that it may exclude the PFP bonus when computing its employees' regular rate for overtime pay, the plaintiffs are entitled to 100% liquidated damages for all overtime pay that Contract Transport owed to them. The Plaintiffs are also entitled to application of the three-year statute of limitations for Contract Transport's willful violations of the FLSA.

26. The plaintiffs are additionally entitled to their reasonable attorneys fees and costs of bringing their FLSA claims against Contract Transport.

WHEREFORE, the Plaintiffs respectfully request the Court to enter an order that:

1. Finds that Contract Transport is liable to the plaintiffs for all unpaid overtime pay, 100% liquidated damages, and attorneys fees and costs arising out of the Plaintiffs' claims under the Fair Labor Standards Act;

2. Grants to the Plaintiffs such other and further relief as the Court deems just and proper.

Dated this 14th day of August, 2017.

/s/Yingtao Ho  
Yingtao Ho  
Email: yh@previant.com  
Wis. Bar #1045418  
Attorney for Plaintiffs  
The Previant Law Firm S.C.  
310 W. Wisconsin Avenue, Suite 100MW  
Milwaukee, WI 53203  
Telephone: 414-271-4500  
Fax: 414-271-6308  

6